O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FARDEN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. ED CV 12-00916 RZ <br><br> MEMORANDUM OPINION <br> AND ORDER |

        The Administrative Law Judge found that, despite Plaintiff's several mental impairments, Plaintiff could perform certain fairly simple jobs that were sufficiently plentiful in the economy, and therefore Plaintiff was not entitled to receive Supplemental Security Income. In this Court Plaintiff asserts that the Administrative Law Judge wrongly rejected the lay evidence from Plaintiff's wife and mother, wrongly rejected an opinion of a treating physician, and did not consider all the necessary evidence in making his finding of Plaintiff's residual functional capacity. The Court disagrees.

        The Commissioner concedes, as he must, that the Administrative Law Judge mistakenly addressed a lay statement from Plaintiff's mother as if it had been made by Plaintiff's wife, who had testified at the hearing. This mistake is of no moment in and of itself. The central issue is whether the Administrative Law Judge erroneously evaluated the evidence, regardless of who provided it. Lay evidence must be considered under the

regulations, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), and if it is ignored then the matter must be remanded unless it can be said with assurance that the decision would not change even if the evidence was fully credited. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, however, the Administrative Law Judge did not ignore the evidence; he considered it, but did not find it persuasive for establishing a different level of Plaintiff's ability to function. Hence, the question is whether his reasons for not fully crediting the evidence were sufficient under the law.

Plaintiff largely relies on case law developed in the area of pain assessment. Since pain cannot be measured reliably, and since different people tolerate different levels of pain, an assertion that pain is greater than might be expected cannot be dismissed out-of-hand; instead, an administrative law judge must give specific and legitimate reasons for discounting a claimant's assertion of excess pain. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). This notion with respect to assessing pain has been broadened to assessing other subjective symptoms, like fatigue. *Swenson v. Sullivan*, 876 F.2d 683, 687-88 (9th Cir. 1989). A lay observer could, in theory, provide evidence about a claimant's reactions to pain, or a claimant's experience with fatigue, that a medical professional could not see himself.

This case, however, does not deal with pain or fatigue or any other similar subjective symptoms that a physician cannot assess. In Plaintiff's words, it deals with mental illness. Thus, while lay observations can be probative, *see, e.g., Sprague v. Bowen*, 812 F.2d 1226, 1231 (9th Cir. 1987), they are in fact no substitute for the assessment of a medical professional, as the Administrative Law Judge ruled. [AR 17] Credibility determinations are the province of the administrative law judge, *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988), and one reason for which an administrative law judge may discount lay testimony is that it conflicts with medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

The Administrative Law Judge explained the medical evidence that led him to establish Plaintiff's residual functional capacity to perform a limited area of work. This included a complete review of the medical record, and a recounting of the medical professionals' notes and evaluations, including that of the medical expert. To the extent that the lay testimony conflicted with that medical record, the Administrative Law Judge was within his rights to accept the medical record over the lay testimony.

But, of course, the lay evidence was not always or even usually inconsistent with the medical evidence, and for the most part the lay evidence was addressed by the Administrative Law Judge's fashioning of Plaintiff's residual functional capacity. The notion that Plaintiff did not get along well with people, for example, was covered by the restriction in the RFC that Plaintiff would have no interaction with the public. The notion that Plaintiff had difficulty with authority (and, more colloquially, that Plaintiff was "paranoid") was addressed by the limitation that Plaintiff have only "non intense interaction with coworkers or supervisors." The notion that Plaintiff had anxiety and was fidgety was addressed by the Administrative Law Judge's condition in the RFC that Plaintiff be limited to simple, repetitive tasks, as well as the condition that Plaintiff have no fast-paced work. In short, for the most part, the Administrative Law Judge in fact accommodated the lay testimony.

The Administrative Law Judge also found that Plaintiff himself was not fully credible, a finding that Plaintiff does not challenge in this Court. The lay testimony, in turn, was similar to Plaintiff's own testimony, and therefore is also held to be not fully credible. *Valentine v. Commissioner of Social Security*, 574 F.3d 685, 694 (9th Cir. 2009). To the extent that there was a conflict between the lay testimony and the medical evidence, therefore, the Administrative Law Judge was justified in accepting the medical evidence.

Plaintiff also complains that the Administrative Law Judge should have recontacted Dr. Seehrai, who opined in a one-page note that Plaintiff suffered from bipolar disorder and could not work. An obligation to further develop the record, however, arises only if the record is ambiguous and the administrative law judge cannot otherwise make

a decision. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The Administrative Law Judge rightly noted that all the medical evidence, amassed over a very considerable period of time, contained different diagnoses, that the medical experts had differing opinions, and that the opinion of Dr. Seehrai appeared only on a brief check-list. There was no error in not contacting Dr. Seehrai further.

Plaintiff lastly complains that the Administrative Law Judge did not fashion a residual functional capacity that took into account all of Plaintiff's limitations. He says that the RFC did not include his mild-to-moderate impairment in his ability to respond to changes in the workplace setting. He also says that the RFC did not include his mild-to-moderate impairment in his ability to comply with job rules such as safety and attendance. Plaintiff generalizes these impairments to a reduced ability to cope with stress.

It is not clear to the Court why Plaintiff thinks that the RFC did not address these limitations. Not only did the RFC limit Plaintiff to simple repetitive work, but it also limited Plaintiff to having no interaction with the public, extremely circumscribed interactions with co-workers and supervisors, no work requiring hypervigilance and no fast-paced work. [AR 14] Those limitations, taken together, surely can be said to target a reduced ability to cope with stress. That RFC was based on the recommendation of the medical expert [AR 19-20]. The Administrative Law Judge saw that recommendation as consistent with the limitations imposed by psychologist Dr. Larson, who was the psychologist whose limitations Plaintiff now asserts, were not considered. [AR 21] It is, of course, for the Administrative Law Judge to interpret the evidence. *Mayes v. Massanari, supra*, 276 F.3d at 459. The Court sees no error.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED: March 4, 2013

                                            RALPH ZAREFSKY
                                     UNITED STATES MAGISTRATE JUDGE